IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO ROPER, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) Case No. CIV-21-513-PRW <br> ) |
| LONNIE LAWSON, | ) <br> ) <br> ) <br> ) |
| Respondent. | ) |

### ORDER

This action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is before the Court on United States Magistrate Judge Suzanne Mitchell's Report & Recommendation (Dkt. 6) and Petitioner Antonio Roper's Objection to the Report & Recommendation (Dkt. 11). Roper, an inmate in the custody of the Oklahoma Department of Corrections, claims that the Department is unlawfully withholding credits earned for good conduct. Accumulation of these "earned credits" allows an inmate to "have their term of imprisonment reduced" through a statutorily outlined process.[1] Roper's petition was referred to Magistrate Judge Mitchell, who recommended that the petition be dismissed without prejudice for failure to exhaust state administrative remedies.[2]

---

[1] *See* Okla. Stat. tit 57, § 138.

[2] *See* R. & R. (Dkt. 6), at 3–5. Magistrate Judge Mitchell also recommended a second ground for dismissal: Roper's failure to exhaust state judicial remedies. Roper also objected to this recommendation, arguing that no state judicial remedies exist in this context. Because the Court concludes Roper's failure to exhaust state administrative remedies alone

1

Roper timely filed an objection. He argues that although there is an internal prison grievance process, that process is not necessary to exhaust because it is a "fruitless formality."[3] In any event, Roper argues that he exhausted that process by filing a grievance *after* he filed his section 2241 petition.[4]

Upon review, the Court finds that Magistrate Judge Mitchell correctly concluded that Roper's failure to exhaust state administrative remedies requires dismissal of his petition. Although the "statute itself does not expressly contain such a requirement," the Tenth Circuit has long held that "[t]he exhaustion of available administrative remedies is a prerequisite for [section] 2241 habeas relief."[5] Thus, if an administrative remedy was available, Roper was presumptively required to exhaust that remedy prior to filing his petition. And the Oklahoma Department of Corrections has an administrative review process for inmates, like Roper, who have complaints related to earned credits.[6] While Roper initially claimed there were no administrative remedies available to him,[7] he now

---

requires dismissal, the Court need not reach the exhaustion of state judicial remedies question. As such, the Court declines to adopt this aspect of the Report & Recommendation.

[3] *See* Objection to R. & R. (Dkt. 11), at 3.

[4] *Id.*

[5] *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks & citation omitted).

[6] *See Dease v. Allbaugh*, 2019 WL 1914809, at *2–3 (W.D. Okla. Mar. 25, 2019) (R. & R.), *adopted*, 2019 WL 1904685 (W.D. Okla. Apr. 29, 2019).

[7] *See* Pet. (Dkt. 1), at 3, 9.

admits that the review process exists.[8] He also admits that he did not exhaust this process prior to filing his petition.[9] Instead, he seeks to avoid dismissal on two grounds. Neither ground is persuasive.

*First*, Roper argues that the process is not necessary to exhaust because it is a "fruitless formality."[10] He appears to suggest it is a fruitless formality because the review process will likely reject the merits of his claim. While it is true that there is "[a] narrow exception to the [administrative] exhaustion requirement . . . if a petitioner can demonstrate that exhaustion is futile,"[11] Roper's subjective belief that the administrative process will likely reach a decision adverse to his interests is insufficient to establish futility.

*Second*, even if the process is not futile, Roper argues that he has exhausted that process by filing a grievance *after* he filed his section 2241 petition. But the exhaustion of administrative remedies is a "prerequisite for [section] 2241 habeas relief,"[12] and thus must be done *prior* to the filing of his petition, not after.[13] Even if this were not the case, Roper's post-petition attempt is not a "proper" exhaustion under section 2241. To constitute exhaustion, "an inmate must *properly comply* with grievance procedures; substantial

---

[8] *See* Objection to R. & R. (Dkt. 11), at 2–3.

[9] *See id.*

[10] *Id.* at 3.

[11] *Garza*, 596 F.3d at 1203.

[12] *Id.*

[13] The very essence of a prerequisite is that it is "[s]omething that is necessary before something else can take place or be done." *Prerequisite*, Black's Law Dictionary (11th ed. 2019)

3

compliance is insufficient."[14] Here, the grievance procedure states that complaints may not be filed while there is ongoing litigation related to the matter.[15] Under the policy, inmates must file their grievance prior to litigation. Since Roper filed his grievance after he filed this petition, he failed to properly comply with the grievance procedures and his petition must be dismissed for failure to properly exhaust administrative remedies.[16]

Accordingly, the Report & Recommendation (Dkt. 6) is **ADOPTED IN PART**, and the Petition (Dkt. 1) is **DISMISSED** without prejudice.[17]

**IT IS SO ORDERED** this 7th day of October 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (emphasis added).

[15] *See* Inmate Grievance Process Request to Staff (Dkt. 11, Ex. 3), at 1.

[16] Contrary to Roper's suggestions in his Objection, the prison's denial to act on his grievance does not make the grievance process futile. Once this petition is dismissed on procedural grounds, and there is no longer ongoing litigation, there will be no barrier to him filing a new grievance, which would no longer be subject to the policy's ongoing litigation barrier.

[17] Before a habeas petitioner may appeal the dismissal of a section 2254 petition, he must obtain a Certificate of Appealability (COA). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.